*MAY TERM, 1838.*

Waldo v. Russell.

---

LAWRENCE L. WALDO v. ADAM RUSSELL.

1. After the introduction of a variety of proof on the part of plaintiff, defendant objected to the whole, and saved his exceptions in that form. Such a course is not legal; but the objection should be made to such particular parts as defendant deemed exceptionable, and at the time they were respectively offered.

2. Where the subscribing witness to a deed was proved to be dead, the court erred in refusing the admission of secondary testimony to establish the deed.

3. Ejectment by purchaser at sheriff's sale against tenant in possession, who held under defendant in execution. Plaintiff proved the judgment, execution, sale, deed, &c. and defendant offered in evidence a deed from defendant in execution to one A., and another from A. to himself, both dated prior to the judgment, but neither of which had been recorded. Held, that the deeds, not having been recorded, were no bar, and properly rejected in the court below.

APPEAL from the circuit court of Franklin county.

*Cole,* counsel for appellant:

The first error assigned presents the question, whether the evidence of Waldo, that went to the jury, was legal

or not? The first evidence offered by him on the trial, as the record shows, was a paper purporting to be a transcript of a judgment of a justice of the peace of Franklin county, in behalf of J. & L. L. Waldo, against John A. Veitch, for $38 63 debt, and also costs. This paper bore date 16th August, 1834. There are two objections to this judgment being evidence: 1. It was not proved that this judgment had, at any time, been filed in the office of the clerk of the circuit court of Franklin county, nor was it shown that it was a copy of an original on file. 2. That the execution issued by the clerk cannot prove this fact, and dispenses with the production of the judgment itself—W. Morrison v. F. Dent, 1 Mo. Rep. 246; 1 Stark. Evi. 283. 3. The execution of the clerk recites the style of the judgment of the justice filed in his office, to be Joseph & Lawrence L. Waldo, against John A. Veitch.

This is showing conclusively, that at the time the execution from the clerk's office was issued, there was no transcript filed, or the record of the justice had been interpolated. This transcript was, therefore, illegal evidence—Conner v. Munday, 3 Mo. Rep. 373.

The plaintiff below then offered in evidence a certificate of the justice of the peace, who had rendered judgment in the case of J. & L. L. Waldo against John A. Veitch, to prove that execution had issued upon the judgment, and to prove the constable's return upon this execution. The date of this certificate is 3d November, 1834. This evidence was inadmissible: 1. Because the justice does not certify that it was a copy of proceedings had before him as justice in the case. Without this, it should not have went to the jury—Digest of 1825, 362, sec. 3; Passon v. Brown, 11 John. Rep. 166. 2. This certificate contains a mere statement of facts in reference to the case, from the recollection of the justice, and which facts must have been of record in his office. His statement, therefore, was illegal evidence, unless, indeed, the record evidence could not have been obtained, and its absence had been accounted for; and even in such a case, the justice must have given evidence in person and not by certificate. 3. Waldo gave in evidence a paper purporting to be an execution issued upon the judgment of the justice aforesaid. It appears to have been issued on the 16th August, 1834. The return of the constable thereon was also given in evidence. This paper was not admissible, because it was not proved to be an original execution, nor a copy of an original exe-

cution, and the same may be said of the constable's return; it was not proved—Conner v. Munday, 3 Mo. Rep. 373; Brent et al. v. Flournoy et al. 2 S. A. Rep. 116. 4. The plaintiff below gave in evidence a paper purporting to be an execution from a justice of the peace upon the judgment aforesaid, dated 15th September, 1834. The return of the constable thereon was not in evidence. This was both illegal and without testimony, for the reasons aforesaid. 5. The plaintiff gave in evidence an execution issued from the clerk of the circuit court of Franklin county, on the 4th November, 1834, in favor of Joseph & Lawrence L. Waldo against John A. Veitch, which recites the judgment of the justice of the peace rendered on 16th August, 1834, and that an execution had been issued thereon, and had been returned, no "goods and chattels of the said John A. Veitch to be found," and that a transcript of said judgment had been filed in the clerk's office on 16th August, 1834. The execution then continues and concludes in the usual form. The objections to the admissibility of this evidence are, first, there was no judgment or execution in proof that agreed with its recitals; and in the second place, the facts were not shown, if they ever existed, to warrant the clerk of the circuit court to issue this execution. 6. The plaintiff gave in evidence a paper, purporting to be a copy of letters patent to John A. Veitch for the land in the plaintiff's declaration mentioned, bearing date 1st October, 1835, and the certificate of the register at St. Louis, that it was a copy; a witness also proved that it was a copy of the original, and that the original had been demanded, in behalf of the plaintiff, of the register, who refuses to deliver it, unless the certificate of the receiver was produced. The plaintiff also proved a notice on defendant to produce the patent aforesaid on the trial. This was illegal evidence: 1. Because the register of a land office, for the sale of the public lands, has no power by law to authenticate copies of patents deposited with him for delivery to the owner, so as to make such copies evidence in a court of justice. 2. This was secondary evidence. A *subpoena duces tecum* would have produced the original patent at the trial—Peak's Evi. 96–7; 1 Stark. Evi. 358–9. 3. The notice given was a nullity from the plaintiff's own showing—Graham et al. v. O'Fallon's Ex. 3 Mo. Rep. 507. The defendant never, at any time, had the patent. The plaintiff knew this fact and proved it. 7. The plaintiff offered in evidence a sheriff's deed, dated 6th August, 1835, to him for the land in contro-

versy. The objections to this evidence are: 1. There is no lawful foundation to support it. 2. The plaintiff offered no evidence to prove this paper to be the thing it purported to be, to wit, a deed—Williams v. Payton, 4 Wheat. 77; Conner v. Munday, 3 Mo. Rep. 375; Digest of 1825, p. 484, sec. 30; Digest Mo. Laws, p. 289, sec. 45, 46, 47, 48. 3. The certificate of the clerk to the deed was not in evidence, and if it had been in evidence, there was no official seal to that certificate to give the certificate and deed authenticity. This, therefore, was no proof, and none other was offered. The plaintiff closed his evidence here, with the exception of proving the defendant in possession of the premises, and it is submitted whether the circuit court has not erred in the admission of illegal testimony on the part of the plaintiff as alleged by the defendant.

The second error assigned is, that the circuit court excluded legal testimony offered by the defendant on the trial. The evidence offered to be given on the trial by the defendant, and excluded by the court, was, first, a covenant from John A. Veitch to Joseph McCoy, (having first proved the legal execution thereof by John A. Veitch by the subscribing witness to the covenant,) by which covenant Veitch acknowledged to have received from McCoy one hundred and twenty dollars for the land in controversy, and undertook to make McCoy a good title therefor so soon as he obtained the patent; and, furthermore, he covenants with McCoy that he, said McCoy, his heirs and assigns, shall and may enter into and upon said piece or parcel of land, and from that date henceforth receive the rents, issues and profits to his and their own use. This covenant is dated 2d August, 1834.

The defendant then offered in evidence to the jury (having first proved the hand writing of the subscribing witness thereto, and that from common report he was dead in Texas,) an agreement, under seal, between Joseph McCoy and Russell, the defendant, by which agreement McCoy sold the land in dispute to Russell for one hundred dollars, payable in three and nine months, for which Russell had given McCoy his notes. McCoy also covenants to make Russell a good title to the land so soon as he received a title himself; and, furthermore, covenants with Russell that he, said Russell, his heirs and assigns, shall and may enter into and upon the said premises, and from that date henceforth receive the rents, issues and profits thereof to his and their own use. This agreement bears date 23d September, 1834. These con-

tracts are *bona fide*, and stand unimpeached. It is difficult, therefore, to assign even a plausible ground for their exclusion from the jury by that court—Peak's Evi. 101, 102, 103-4; 1 Stark. Evi. 330, 337, 341; Jackson v. Burton, 11 Johns. Rep. 64. They were proved, before offered in evidence, according to law. Then supposing this evidence to have gone to the jury, what would have been its legal effect upon the case? The answer must be, the plaintiff would have lost his suit. This evidence shows a right to, and a lawful possession in, the premises in controversy in Russell against Veitch, and Waldo, who claims under him. Waldo, if his proceedings had been legal, would in virtue of them take the place of Veitch; he would have all the right that Veitch had on 16th August, 1834, to the land, but no more, and would take it subject to all liens and incumbrances—Digest 1825, p. 369, sec. 20. The right of Joseph McCoy accrued on 2d of August, 1834, antecedent to Waldo's lien. Veitch could not sustain an action of trespass against McCoy or his assignee for entering into and occupying this land; nor could he maintain assumpsit for use and occupation; nor ejectment to recover the possession—1 Stark. Ev. 303, 305. Veitch would be estopped to claim by his covenant with McCoy; and Waldo, the appellee, who has succeeded to and takes his place under the covenant, is equally included by the same estoppel. It is therefore submitted that the circuit court erred here also—Jackson v. Bull, 1 Johns. Cases, 90; 1 Stark. Ev. 194; Jackson v. Peaca, ———, 224.

The third and last error assigned is, the refusal of the circuit court to grant a new trial. The points that would present themselves for examination under this question have been already considered, with the exception of the verdict of the jury. Twenty-five dollars damages are found for plaintiff against defendant by the verdict, and there was no proof to show any damage. The verdict was therefore against evidence and against law, and a new trial should have been granted to the defendant by the circuit court. On this point the circuit court erred also.

*Frissell*, counsel for defendant in error:

The first exception to be considered is that taken to the non-admission of the agreement between McCoy and Russell in evidence, upon the proof of the handwriting of the subscribing witness, and the common report that he was dead in Texas. If the ground for the exclusion of

the instrument was the legality of the proof of the instrument, the court below must have erred. But I cannot see what use could have been made of the instrument, if it had been admitted. The instrument must have been excluded for a different reason than the want of legal proof of the execution. It will be seen by examination of the patent, the contract between Veitch and McCoy, and the contract between McCoy and Russell, that a deed could not have been made before 1st of October, 1835, and of course the legal title until that time must of necessity remain in Veitch, if he complied with the contract. But on the 24th day of November, 1834, Veitch was divested of the legal title by the agent of the law, and Waldo, the present plaintiff, became clothed with the title. Whatever claims Russell might have in equity, the legal title certainly was not in him; and as the legal title was in Waldo, by purchase at sheriff's sale, he must prevail in the present action; and the agreement admitted in evidence, and the agreement excluded, have no more to do with the present action than so much blank paper—5 Peter, 402, 430, 440, 445. In a court of chancery, these agreements might be important matters, if notice of them could be fixed upon Waldo—2 J. C. 321; Robison v. Campbell, 3 Wheaton, 212; 4 Con. Rep. 235. It was not the intention of the parties that the said agreements should be considered in the light of conveyances; the wording of each of them would exclude that idea. They are contracts to convey at a future period. They were neither acknowledged nor recorded, and why the defendant below attempted to torture them into conveyances or deeds, it is hard to tell. At all events, they cannot effect the legal title of Waldo.

It is a universal rule that, in ejectment, the legal title must prevail over an equitable one, unless the equitable one be supported by some express statutory enactment, and thus, in fact, become the legal title—3 Wheat. 212; 4 Con. Rep. 235.

If these agreements to convey be construed into conveyances, they not being recorded, would be unavailing for the want of notice. The sheriff's deed has precisely the same effect as the deed of Veitch would have had, and Waldo would have acquired a perfect title to the land in question by a deed from Veitch, if he had received it and paid his money without notice of these agreements to convey, because he would have been an innocent purchaser, and would have been protected as such at law and equity.

Tompkins, Judge, delivered the opinion of the court.

MAY TERM, 1838.

Waldo brought his action of ejectment against Russell in the circuit court, and there had judgment; to reverse which Russell appeals to this court.

Waldo v. Russell

On the trial of the cause, the plaintiff gave in evidence the transcript of a judgment obtained before a justice of the peace by Waldo, the plaintiff in this cause, against John A. Veitch, on the 16th day of August, A. D. 1834, which was filed in the office of the clerk of the circuit court of Franklin county on the same day. He then gave in evidence two executions issued by the justice on the same judgment, the one dated the 16th day of August, 1834, and returned the 15th day of September, then next, "*no property found.*"

The second execution was dated on the 15th day of September in the same year, and that also was duly returned not satisfied. The justice also certifies the issuing and returning of these two executions, as they appear on their face.

The plaintiff then gave in evidence an execution issued on the same judgment, filed as aforesaid in the office of the clerk of the circuit court of Franklin county, by the clerk of that court. By the return on the execution, it appears that the land in question was sold to satisfy the execution, and that the plaintiff, Waldo, was the purchaser. A copy of the patent to Veitch for the said land was given in evidence, notice being given to the defendant to produce the original. The sheriff's deed to Waldo, the plaintiff, for this land, was also given in evidence.

After the introduction of all this evidence by the plaintiff, an objection to it was made in these words: "to the introduction of which to the jury as evidence in the above cause the defendant objected."

The objection, taken in a literal sense, goes to the sheriff's deed only. But had the objection been made in these words, "to the introduction of all which as evidence," &c., still it would have been a very improper manner of making an objection to evidence, and the circuit court would have acted correctly in paying no attention to such a general objection. It was the duty of the defendant to object, in the progress of the suit, to each particular part of the evidence which he deemed objectionable. The plaintiff might, perhaps, have been able to cure a defect or to find other evidence, and the circuit court ought not to be pointed to a mass to search for the objectionable part of the evidence. The whole

After the introduction of a variety of proof on the part of pltf., def. objected to the whole, and saved his exception in that form. Such a course is not legal; but the objection should be made to such particular parts as def. deemed exceptionable and at the time they were respectively offered.

of the evidence, however, has been carefully examined; and I have no hesitation in saying that all the evidence material to the issue was rightly admitted. The transcript of the justice's judgment was filed, as appears by the endorsement of the clerk of the circuit court; and two executions issued, and in due time returned, before the execution was issued by the clerk of the circuit court.

To the admission of the copy of the patent in evidence, no objection is seen. It is not to be expected that the register of the land office would surrender the patent to any other than the holder of the receipt for the price of the land; and it could not be expected that Waldo, the purchaser at sheriff's sale of Veitch's land, would be so highly favored by him as to be entrusted with the keeping of his receipt, rather than the defendant, found in the occupation of the land with the probable assent of Veitch.

The evidence on the part of the defendant, is an instrument of writing made by Veitch, by which he conveys to one Joseph McCoy, for a valuable consideration, the land in question, with covenant for future assurance when a patent should be obtained. This writing was dated 2d August, 1834.

Where the subscribing witness to a deed was proved to be dead, the court erred in refusing the admission of secondary testimony to establish the deed.

He offered also in evidence a deed purporting to be made by said McCoy to himself for the same land, and proved that the subscribing witness had been reported and believed to have died in Texas. The court refused, on this evidence, to suffer this deed to be proved by secondary evidence. In this the circuit court appear to have committed error, but an error which did no injury to the defendant. For neither the deed of Veitch to McCoy, nor that of McCoy to Russell, had been recorded, and consequently could avail Russell nothing against the sheriff's deed to Waldo, the plaintiff, although the deed of Veitch to McCoy was fourteen days older than the judgment under which the sale to Waldo was made by the sheriff. The date of this judgment was 16th August, and it was filed on that day. The deed of Veitch to McCoy was the 2d August, 1834.

Ejectment by purchaser at sheriff's sale against tenant in possession, who held under def. in execution. Pltf. proved the judgment, execution, sale, deed. &c., and def. offered in

But the deed from Veitch to McCoy, if it had been recorded, was sufficient to bar the right of Waldo to recover; but it not being recorded, Russell could not have been aided by proving and reading to the jury the deed from McCoy to him. It may be remarked, that inasmuch as both plaintiff and defendant claimed under Veitch, the patent was not a necessary part of the plaintiff's evidence. For the reasons above given, it appears

to me that the judgment of the circuit court ought to be affirmed, and Judge McGirk concurring, it is affirmed.

evidence a deed from def. in execution to one A., and another from A. to himself, both dated prior to the judgment, but neither of which had been recorded. Held, that the deeds, not having been recorded, were no bar, and properly rejected in the court below.