STEPHEN ROBERTS, *Administrator, in Equity, versus* NATHANIEL
G. LITTLEFIELD.

Where a mortgagee enters into possession after condition broken, without
taking the course provided by the statute to foreclose the mortgage, it is open
for redemption for twenty years.

But where the mortgager, and those claiming under him, permit the mortgagee
to hold the possession for twenty years without accounting, and without ad-
mitting that he holds only as mortgagee, his title becomes absolute.

BILL IN EQUITY.
The case is stated in the opinion.

*Moses Emery,* for complainant.

*E. E. Bourne, jr.,* for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J. — This is a bill in equity, in which the plain-
tiff seeks a decree that he, as the administrator of the goods
and estate of Joel Littlefield, deceased, may be allowed to re-
deem a mortgage, given by his intestate on June 21, 1820, to
the defendant, his son, of a certain farm in the town of Ly-
man, for the security of a promissory note for the sum of
$524,50, with interest thereon, payable in one year.

The plaintiff complains and says, that soon after the giving
of the mortgage, the defendant entered into the premises, and
into the receipt of the income and profits thereof, and has ever
since continued in the possession and receipts. And the bill
further shows, that Joel Littlefield died on March 14, 1838, and
the plaintiff was duly appointed administrator of his estate on
March 2, 1858, and became authorized to redeem the prem-
ises, and to recover and receive from the defendant the bal-
ance of the income and profits of the estate, over and above
the sum justly due on the mortgage. And the plaintiff fur-
ther shows, that, on the thirteenth day of March, 1858, he ap-
plied to the defendant, and demanded of him a true account
of the sum due on said mortgage and of the rents and profits

of said real estate during his use and possession thereof, and money expended and repairs and improvements, if any; at the same time informing him, that he was ready and intended to redeem the same, in his capacity of administrator.

The defendant, in his answer, admits the giving of the mortgage, as stated in the bill, for the security of the note described; that, after the maturity of the note, the mortgager failed to make payment·thereof, and in August, in the year 1821, the defendant entered into the possession of the mortgaged premises, for the breach of the condition, and for the purpose of foreclosing the mortgage, and has remained in the open and peaceable and adverse possession of the same ever since, by means of which the title has become absolute in him; and he has, for more than thirty-seven years, claimed said estate as his own in fee, the said Joel, from the 'time of the taking of possession by the defendant, never having claimed any interest in the same.

The defendant further admits that, at the time stated in the bill, the plaintiff did demand of him an account of the rents and profits, &c., as alleged in the bill, and informed him that he intended to redeem the same, with all which demands the defendant was not bound to comply, the said estate and ·all rents and profits belonging to 'the defendant in fee.

It is not alleged in the answer, and it is not shown by the evidence, that the entry·and possession taken by the defendant, met the requirement of the statute of 1821, c. 39, § 1, the entry not having been by process of law, or by consent in writing of the mortgager, or by the mortgagee's taking peaceable and open possession of the premises mortgaged in presence of two witnesses, so that the mortgage became foreclosed in three years from the time possession was taken. The entry must be considered as made by virtue of the mortgage alone, and can have no effect upon either·party under the provision of the statute for *foreclosing* mortgages, for breach of conditions therein.

It is said, in 2 Story's Eq. Juris. § 1028, (a,) that "in re-

spect to the time, within which a mortgage is redeemable, it may be remarked, that the ordinary limitation is twenty years from the time when the mortgagee has entered into possession, after the breach of this condition, under his title by analogy to ordinary limitations of rights of entry and actions of ejectment. If, therefore, the mortgagee enters into possession in the character of a mortgagee, and, by virtue of his mortgage alone, he is for twenty years liable to account, and if payment be tendered to him, he is liable to become a trustee of the mortgager and be treated as such. But if the mortgager permits the mortgagee to hold the possession for twenty years, without accounting, and without admitting that he possesses a mortgage title only, the mortgager loses his right of redemption, and the title of the mortgagee becomes absolute in equity, as it previously was in law." *Chick* v. *Rollins*, 44 Maine, 104.

The allegation of the defendant, that he has remained in open, peaceable and adverse possession of the premises since the entry made by him in 1821, is responsive to the bill, and can be overcome only by the amount of evidence required by equity rules in such cases. The evidence contained in the depositions is conflicting, and much of it inadmissible, and attempts have been made to impeach a part of it. It is in evidence that, since his entry in 1821, the defendant has said repeatedly, that he would relinquish his right by the payment of a sum specified, but it is not satisfactorily shown that he intended to admit that the mortgage was then open. On the other hand, the evidence tends to show that, after the entry of the defendant, the mortgager often asserted that he had no remaining interest in the farm, though he lived in the house situated thereon with the defendant till his death. The defendant continued in possession till the filing of the bills on Aug. 17, 1858, and, for aught which appears to the contrary, to the present time.

From a careful examination of all the evidence in the case, in connection with the bill and answer, we are satisfied, that the premises have been claimed to be, and have been in fact,

in the possession of the defendant for more than twenty years before the demand to account, as stated in the bill, without any admission on his part by word or act, that the mortgage was open to redemption.　This view is strongly corroborated by the fact, that not the least attempt has been made by the mortgager, his heirs or representatives to redeem the premises, or cause them to be redeemed for more than thirty-five years, since the possession was taken by the defendant.

*Bill dismissed with costs.*

APPLETON, CUTTING, GOODENOW, DAVIS, and KENT, JJ., concurred.