HILL, *Appellant,* v. BAILEY.

**Action for Real Estate:** GENERAL DENIAL: EVIDENCE. *In an action*
    *involving title to real estate, the defense of adverse possession for*
    *the statutory period is admissible under a general denial of the*
    *plaintiff's title.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*John F. Darby* and *Garland Pollard* for appellant.

*George W. Bailey* for respondent.

NORTON, J.—This cause is before us on plaintiff's ap-
peal from the judgment of the St. Louis court of appeals,
affirming a judgment of the circuit court rendered in favor
of defendants.

For the purpose of determining the point presented it
is sufficient to say that it is sought by the petition to hold
defendants liable for the rents and profits of certain real
estate of which George Bailey, the ancestor of the present
defendants, was in possession, as alleged in the petition, as
a creditor of the grantor in a deed of trust given upon said
real estate to secure him in the payment of his debt, and
to divest defendants of the title of said land, and vest the
same in plaintiffs.

The answer of defendants was a general denial, and
the material and controlling question presented by the
record is, whether under such an answer it was competent
for defendants to show that said Bailey had held such real
estate, not as the agent or creditor of the grantor, but in
his own right and adversely to plaintiffs for a period of
time which, under the statute of limitations, invested him
with title. The circuit court ruled that under the answer
the statute of limitations, when invoked for the purpose of
showing title in defendant, could be relied upon as a de-

fense, and evidence given to sustain such defense without its having been specially pleaded. The court of appeals affirmed this ruling, holding that the question of title to real estate being involved in the action, it was competent for defendants to show that by operation of the statute of limitations their title was complete, although the statute had not been specially pleaded, distinguishing this case from that class of cases to which we have been cited, where it is held that the statute of limitations does not run in favor of a trustee holding possession of real estate in trust, and from that other class of cases, also cited, where it is held that in personal actions the statute must be specially pleaded.

In the opinion of the court of appeals, reported in 8 Mo. App. 85, the question is disposed of in a satisfactory manner, and for the reasons there given for its action, we affirm the judgment, in which all concur.