### 10746

ROBINSON v. A. C. L. R. R. CO.

(109 S. E. 143)

1. Trespass—Nonsuit For Failure to Prove Title Held Properly
Denied.—In an action for trespass in which the plaintiff alleged
and produced testimony tending to prove that he was in peaceful
possession of the land, denial of motion for nonsuit on the ground
that plaintiff had failed to prove title in himself *held* proper.

2. Railroads—Charter Held Admissible Under General Denial in
Trespass.—In action against a railroad for trespass in construction
of track upon land of which plaintiff claimed to be in peaceful and
rightful possession, the charter of defendant's predecessor *held* ad-
missible, under a general denial, to prove defendant's right to the
possession of the land for corporate purposes and to disprove the
allegations and testimony of the plaintiff to the effect that he was
in peaceful and rightful possession of the land.

Before McIver, J., Sumter, Fall term, 1919.   Reversed
and remanded.

Action by Frank Robinson against Atlantic Coast Line Railroad Co. Judgment for plaintiff and defendant appeals.

Exceptions referred to in opinion follow:

1. The Court erred in refusing to grant a nonsuit at the close of plaintiff's testimony for the reasons stated in the ground of said motion, which was as follows:

The defendant moves for a nonsuit on the ground that as this action alleges an injury to the title by the absolute taking of possession of part of the land alleged to be the land of the plaintiff and is not a mere action of trespass against the possession of the land, it was necessary for the plaintiff to prove his title, and this he has failed to do.

2. The Court erred in holding that this was an action of trespass *quare causum fregit,* that the defendant, not having pleaded title in itself in its answer, could not justify its entry under a claim of title, and on these grounds refusing to admit in evidence the charter of the Wilmington & Manchester Railroad Company offered by the defendant as the title of its predecessor and under which it claimed.

3. The Court erred in refusing to allow the defendant to offer in evidence the charter of the Wilmington & Manchester Railroad Company, its predecessor in title, for the reason that the defendant was entitled as against the plaintiff alleging possession, to show under its answer pleading a general denial that it was in possession for railroad purposes at the time of the alleged trespass, and that any use which plaintiff was making of the property at that time was not inconsistent with defendant's possession for railroad purposes under the original charter.

4. The Court erred in refusing to admit in evidence the charter of the Wilmington & Manchester Railroad Company when offered by the defendant as the title of its predecessor, for the reason that it was not necessary in

this case for the defendant to plead title in itself in order to be allowed to introduce such charter in evidence.

5. The Court erred in holding that after the plaintiff withdrew his claim for punitive damages, the defendant was not entitled to introduce in evidence the charter of the Wilmington & Manchester Railroad Company to show that its entry on the land was not done in a willful and wanton way, for the reason that since a plaintiff is entitled, upon proof of willfulness, to recover both actual and punitive damages, the withdrawal of the claim for punitive damages did not destroy the cause of action for willfulness, and the defendant had the right to introduce evidence as to the claim under which it entered, for the purpose of defeating the recovery of actual damages on the cause of action for willfulness.

6. The Court erred in refusing to direct a verdict in favor of the defendant for the reasons stated in the grounds of said motion, which were as follows:

(1) Because the plaintiff fails to show title in himself.

(2) Because no demand for the possession was ever alleged to have been made, or was ever made, upon the defendant.

(3) Because no damages recoverable in an action in the nature of a trespass *quare clausum fregit* have been proven in this case.

7. The Court erred in refusing defendant's motion for a new trial, for the reasons stated in the grounds thereof, which were as follows:

(1) The verdict of the jury was excessive and against the weight of the evidence, both the testimony of the witnesses and the actual inspection of the premises.

(2) The action was not brought for the value of the land claimed to have been trespassed upon, as for a perpetual ouster of plaintiff, but was for damages for a willful tort in committing the acts alleged in the complaint,

and it was error to permit the jury to consider and assess damages as for a taking of the land in question.

(3)   It was error to hold that the action was in the nature of *quare clausum fregit,* and therefore and thereupon to exclude the evidence offered by defendant of its right to an easement over the land for railroad purposes, and thereafter as the applicable measure of damages in the case permit the jury to consider and find a verdict for plaintiff as for the actual taking of the land in question by an ascertainment of the difference in value of the entire tract before and after the construction of the track.

(4)   Plaintiff was not in possession of the land within the limits of the original right of way of the Wilmington & Manchester Railroad Company as against the defendant, because there was no evidence (or, if there was, it was for the jury to pass upon) that any use which plaintiff may have made thereof was inconsistent with its possession by defendant for railroad purposes under the  original charter, and defendant was entitled as against plaintiff alleging possession, to show under its answer pleading a general denial that it was in possession for railroad purposes at the time of the alleged trespass.

*Messrs. P. A. Wilcox, Henry E. Davis, L. W. McLemore, Mark Reynolds, H. D. Moise* and *Barron, McKay, Frierson & McCants,* for appellant. *Mr. Davis* and *Barron, McKay, Frierson & McCants,* cite: *Plaintiff claiming title and defendant setting up a general denial puts the title in issue:* 114 S. C. 375; 103 S. E. 759. *Analogy in actions for personal injury:*   50 S. C. 53; 68 S. C. 514; 10 S. C. 438; 66 S. C. 139. *General denial and new matter:* Pom. Code Rem. (4th Ed.) Sec. 548-9. *New matter properly excluded under a general denial:* 58 S. C. 30; 2 Rich. L. 539. *Under a general denial defendant can show adverse possession:*   59 S. C. 440; 51 S. C. 79. *In action for trespass quare clausum fregit defendant can give evidence of*

*title under general issue*: 3 McC. 66; Rice 64; 1 Rich. L. 474; 9 Rich. L. 381; 70 S. C. 362. *Possession prima facie evidence of title*: 86 S. C. 358. *Defendant entitled to show title which would raise presumption of possession*: 105 S. C. 329; 110 S. C. 480. *Justification for unlawful entry must be pleaded only when entry is made under some right not connected with title or possession*: 2 Rich. L. 539; 50 S. C. 115; 58 S. C. 30. *Charter admissible in evidence by its terms*: 11 Stat. 402, Sec. 300, p. 411. *When charter is made public act, Court will take Judicial notice of it*: 59 S. C. 195; 53 S. C. 583; 9 Rich. 495. *Withdrawal of claim for punitive damages leaves element of willfulness: in the case*: 94 S. C. 462; 96 S. C. 267; 105 S. C. 287. *Charter admissible in mitigation of damages for willfulness*: 58 S. C. 30; 2 Bail. 104; 63 S. C. 244. *Remarks to jury warranted granting of new trial*: 92 S. C. 236.

*Messrs Jennings & Harby,* for respondent, cite: *Title not in issue, suit being one for violation of the peaceable possession of plaintiff*: 91 S. C. 231; 86 S. C. 358; 1 McMull, 49; 59 S. C. 115; 60 S. C. 401. *Distinction between action of trespass quare clausum fregit and action of trespass to try title*: 59 S. C. 131; 105 S. C. 329; 110 S. C. 474. *Evidence of title not admissible under general denial*: 8 S. C. 258; 58 S. C. 30. *Charter was not offered to show possession in defendant and its competency will be considered only on the ground offered*: 3 C. J. 800. *Measure of damages to real property*: 17 C. J. 880; 74 S. C. 557.

November 4, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages to the plaintiff's lot, in the city of Sumter, S. C. The allegations of the complaint,

material to the questions under consideration, are as follows:

"That the plaintiff is the owner in fee, and at the times hereinafter mentioned was in peaceable possession of the following described lot of land in said city of Sumter, to wit: * * *

"That on or about the 20th day of March, 1917, the defendant caused a gang of laborers to approach plaintiff's property for the purpose of laying a railroad track thereon. That when said laborers commenced to go upon plaintiff's land, he warned them, together with the foreman or person in charge of them, not to trespass upon his property, and ordered them to desist from attempting to lay said track thereupon, and positively refused to allow them to encroach upon his property, and in order to make his property line more apparent, and to prevent any mistake as to its location, and to further signify his refusal to permit the defendants to lay their track thereon, the plaintiff erected a wooden fence along the line of his property.

"That on the following day the plaintiff's property and said fence was left alone, until late in the afternoon, when the said construction gang of said defendant, under the orders and directions of the defendant, as plaintiff is informed, approached said fence, dug up his posts, cut the land away from underneath the same, and ran their track upon plaintiff's land, and later tore down said fence altogether, all against the will, and without the consent, and over the objection of the plaintiff."

The answer of the defendant was a general denial.

The jury rendered a verdict in favor of the plaintiff for the sum of $2,000, and the defendant appealed upon exceptions which will be reported.

At the close of the plaintiff's testimony the defendant made a motion for a nonsuit on the ground that the plaintiff had failed to prove title in himself. As

the plaintiff alleged that he was in peaceful possession of the lot, and there was testimony to that effect, the refusal to grant the nonsuit was free from error. *Investment Co. v. Lumber Co.*, 86 S. C., 358; 68 S. E., 637; 30 L. R. A. (N. S.) 243.

Furthermore, the plaintiff's attorneys stated in open Court that they were not asking that the land be surrendered to the plaintiff, but merely for damages for the trespass. His Honor, the presiding Judge, also stated:

"They do not ask for the recovery of the land, but they ask for damages for your having broken into their possession, and invaded their quiet possession. That does not bring up the question of title. I think this is clearly a case of *quare clausum fregit,* and in actions of that kind the title does not enter."

Therefore the exceptions raising this question cannot be sustained.

We proceed to the consideration of those exceptions 2   assigning error on the part of the Circuit Judge in refusing to allow the defendant to introduce in evidence the charter of the Wilmington & Manchester Railway Company, its predecessor.

In ruling upon this question his Honor, the presiding Judge, used the following language:

"Now for the defendant to say, 'I went in on that property and I was justified by showing I had a right to do it under our statutes, under any charter, or under a grant from somebody else,' that is an affirmative defense that he must set up in his answer. I can't see it any other way, and consequently I am obliged to rule this testimony out."

In *Hill v. Bailey,* 8 Mo. App., 85, the Court, in holding that a general denial of the plaintiff's title will admit evidence of adverse possession, said:

"The plaintiffs insist that the finding and judgment were erroneous, because the answer did not set up the statute in

defense.   When the statute is relied on as a bar to the remedy merely, it must be specially pleaded.   The rule is ancient, and needs no citation of authorities to sustain it. But where the title to real estate is in question, the operation of the statute is found to have a higher range.   It is capable of conferring an absolute title.   Hence it has long been held that a general denial of the plaintiff's title will suffice for the admission of evidence of adverse possession for the statutory period; because this will not merely bar the remedy, but may establish a title in the defendant which will conclusively negative any ownership in the plaintiff.   In other words, it sustains and verifies the denial of the plaintiff's title.   *Nelson v. Broadhack,* 44 Mo.. 596. The rule is not confined to actions of ejectment.   The reasoning upon which it is founded sanctions its application to any case wherein the title to land is in dispute.   There was, therefore, no error in admitting this defense under the general denial."

The foregoing is quoted with approval in *Sutton v. Clark,* 59 S. C., 440; 38 S. E., 150; 82 Am. St. Rep., 848.

If the defendant had pleaded a bar to the plaintiff's action, testimony offered by him would have been admissible to prove it, but not under a general denial.   It, however, was offered for the purpose of establishing the right of the defendant to the possession of the land for corporate purposes, and to disprove the allegations and testimony of the plaintiff, to the effect that he was in peaceful and rightful possession of the lot in question.

The exceptions raising this question are sustained.   All other exceptions were dependent upon the questions which we have considered.

Reversed and remanded for new trial.