HOLLAND v. JONES.

ESTOPPEL—HUSBAND AND WIFE.—Where a husband, in the presence of his wife, executes a mortgage on her land to secure his debt, the mortgage being read in hearing of both, and she afterwards renounces her dower on the mortgage, neither saying at the time that the land belonged to the wife, both are afterwards estopped from saying the title is in the wife.

Before TOWNSEND, J., Laurens, February, 1896. Affirmed.

Action in foreclosure by Holland and Fowler against R. B. and Emma Jones. The following is the Circuit decree:

This case was heard by me upon the pleadings and testimony taken by a special referee. On the 31st day of January, 1891, the defendant, R. B. Jones, executed to the plaintiffs his promissory note for the sum of $276.50, pay-

able November 1st after date, with interest at eight per cent. per annum from date. In order to secure the payment of said note, the said defendant, on the same day, made, executed, and delivered to the plaintiffs a mortgage on a certain tract of land, which is described in the complaint. The defendant, Emma Jones, the wife of R. B. Jones, on the same day, renounced her dower in the said tract of land, on the mortgage. The consideration of the note was two mules sold by the plaintiff to R. B. Jones, or, rather, the difference between mules traded by Jones to plaintiff. This action is brought by the plaintiffs against the defendants to foreclose said mortgage, Emma Jones being made a party, because she claims some interest in the mortgaged premises adverse to the plaintiff's lien. Both of the defendants answered the complaint, claiming that the title to the mortgaged premises is in the defendant, Emma Jones, and that such was the case at the time of the execution of the mortgage, and that plaintiffs have no right to foreclose. The answer of the defendant, R. B. Jones, in addition to the above defense, sets up a failure of consideration, growing out of the unsoundness of one of the mules purchased.

I cannot sustain any of the defenses. It appears that credit was extended to Jones upon representations made by him that he was the owner of the land; that the defendant, Emma Jones, was present when the note and mortgage were executed; that the papers were read over in her hearing, and she made no objection. It further appears from the facts, and I so find, that after the papers were read over and executed by her husband, she renounced her dower on the mortgage, thus declaring and representing to the plaintiffs that the title to the land was in R. B. Jones. I hold that her conduct makes out a case of estoppel, and that after having misled the plaintiffs, she cannot now set up title in herself, and deprive the plaintiffs of their security. The plaintiffs did not know that she had title to the land, and they had a right to rely upon her conduct and representations, as well as those of her husband. The defendants

also claim that the note and mortgage were only to be given for $250, instead of $276.50. I cannot sustain this view of it. The papers were read over to them, and they made no objection, and they cannot now question them. I also hold that, under the contract, the note was given for the amount agreed on by all the parties. I may also add that there is no legal proof of title in the defendant, Emma Jones. I also hold that there has been no failure of consideration, and if there had been, the testimony discloses the fact, that the plaintiffs agreed with the defendant, R. B. Jones, to knock off $10 for the "colicy" mule, and $15 more in case the defendant paid balance due by a certain time, which was not done.

I, therefore, conclude that plaintiffs are entitled to the relief which they seek; and it is ordered, adjudged, and decreed, that there is now due on the mortgage debt by the defendant, R. B. Jones, after allowing all proper credits, including the $10 above refered to, $168.22, for which amount it is ordered that plaintiffs have judgment against R. B. Jones.

From this decree the defendants appeal, on the grounds that the presiding Judge erred: I. In not holding that the defendant, Emma Jones, established title to the mortgaged premises paramount to the plaintiffs' mortgage. II. In not holding that the facts and circumstances of the case do not estop Emma Jones from asserting her title to the premises. III. In holding "that her (Emma Jones') conduct makes out a case of estoppel." IV. In holding that Emma Jones "cannot now set up title in herself and deprive the plaintiffs of their security." V. In finding that the papers were read over in the hearing of Emma Jones. VI. In finding "that after the papers were read over and executed by her husband, she (Emma Jones) renounced her dower on the mortgage, thus declaring and representing to the plaintiffs that the title to the land was in R. B. Jones." VII. In finding that Emma Jones misled the plaintiffs. VIII. In holding

"that there is no legal proof of title in the defendant, Emma Jones." IX. In finding that the note represented the true amount agreed on by the parties. X. In not finding that the true amount for which the note was to be given was $250, and that the papers were not read over to the defendant, R. B. Jones, or, if read over, they were read as though written for that sum. XI. In finding that there was no failure of consideration of the note and mortgage. XII. In finding that "if there had been (failure of consideration), the testimony disclosed the fact that the plaintiffs agreed with the defendant, R. B. Jones, to knock off $10 for the 'colicy' mule, and $15 more in case defendant paid balance due by a certain time, which was. not done." XIII. In ordering a foreclosure of the mortgage against the defendants.

*Messrs. Ball, Simpkins & Ball,* for appellants, cite: *Estoppel:* 1 Met., 542; 2 Cush., 264. *Objection:* 47 S. C., 566.

*Messrs. Furgeson & Featherstone,* contra, cite: *Notice to introduce certified copies:* 22 S. C., 361; 47 S. C., 566. *Estoppel:* 22 S. C., 548; 33 S. C., 206; 32 S. C., 511; 12 S. C., 352; 13 S. C., 570.

Feb. 10, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. All the facts underlying this contention are abundantly stated in the decree of his Honor, Judge Townsend, which decree must be reported. The exceptions will also be reported. Whenever there is any allegation of fraud, a court of equity is, and should be, careful to probe the facts to the bottom, in order that, if it exists, it may be exposed and punished. A careful examination of the testimony has failed to disclose that either one of the defendants has any cause for complaint on this point. It is true, that one of the mules sold by the plaintiffs to the defendant, R. B. Jones, was said to be afflicted with colic, but upon Jones' complaint to the plaintiffs, an adjustment was agreed upon by them of this matter. It is due the plaintiffs that it should be stated, that when told of "Tuck's"

colic, they denied any knowledge of the same. Besides all this, the defendant, R. B. Jones, has traded or sold this mule without any statement to the purchaser that "Tuck" had colic.

We are not inclined to hold that title to this land by deed from R. B. Jones to his wife, Emma Jones, was not proved; for while, technically speaking, the certified deed from the office of the register of mesne conveyance for Laurens County (where the land is situated) could not be offered in evidence by reason of the failure to give ten days notice, as required by the act governing such matters, there is evidence in the "Case," not objected to, that seems to establish this fact. However, this is of no moment; it can do the defendants no harm that the Circuit Judge may have been mistaken in this matter, for from their own testimony they both well knew this land now in controversy was to be mortgaged to the plaintiffs to secure this debt. R. B. Jones, by his solemn deed, by way of mortgage, so declared, and he cannot now be heard to impeach the same; he certainly is estopped from so doing. And then as to Emma Jones. Does she not solemnly swear that "I know when the mortgage was signed. * * * I came to sign a mortgage for mules, a pair of mules that my husband bargained to buy from Mr. Holland—said he wanted me to sign the mortgage. *The mortgage was to be on my plantation*—that one that was betwixt him and Mr. Holland. * * * Mr. Anderson, Mr. Holland, Robert (R. B. Jones), and Mr. Martin were present when I signed * * * I thought I was signing a mortgage over the land for the mules. I did not make any statement that day that the land was not mine but was Bob Jones' * * *" When she heard the mortgage read, reciting as it did that her husband, R. B. Jones, was mortgaging the same to the plaintiffs, *as his property*, to secure his own debt for these very mules, she not only remained silent as to the true ownership of the lands, but she did more, for by going through the formal execution of a written paper, endorsed on said mortgage, she assisted in causing the plaintiffs to part with valuable

property in reliance on her husband's action, as well as on her own. Of course, the name of the equity doctrine to prevent such a wrong, as is proposed by these defendants to the plaintiffs, is that of estoppel by conduct. This is such a familiar principle in equity that citations of authority in its support are unnecessary. It follows, therefore, that the decree is not erroneous. Each of the exceptions is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.