6568

## WILKINS v. BAKER.

ESTOPEL—DOWER—TITLE—MARRIED WOMAN.—The evidence being unsatisfactory as to whether the wife was separately examined as to renunciation of dower, the certificate of notary and signature of wife control and wife held estopped from claiming title to land to which she had title at time husband mortgaged it and on which she renounced dower in proper form. Such estoppel only applied to debts created at time of execution of the mortgage.

Before HYDRICK, J., Clarendon, October, 1906. Reversed.

Action by E. L. Wilkins against C. B. Baker and M. A. Baker. From Circuit decree in favor of M. A. Baker, plaintiff appeals.

*Messrs. A. Levi* and *Wilson & DuRant,* for appellant, cite: *Married woman may be estopped by acts and declarations:* 22 Pac., 605; 48 Am. R., 438; 52 Fed., 627; 20 Pa.

St., 299; 21 Cyc., 1399. *And she is now estopped from
claiming title to this land:* 16 Cyc., 777, 762, 770; 94 Ga.,
231; 80 Ga., 776; 13 S. C., 370; 25 S. C., 555; 8 S. E.,
799; 11 Ency., 421, 431.

*Messrs. Woods & O'Bryan,* contra, cite: *Invalid renuncia-
tion is binding:* Code, 1902, 2384; 16 S. C., 91. *If renunci-
ation did not induce plaintiff to act, there is no estoppel:* 49
S. C., 477; 13 S. C., 370; Big. on Est., 80; 60 S. C., 216; 42
S. C., 348. *There is no estoppel by presumption:* 11 Ency.,
424; 75 S. C., 81. *There is no evidence to show wife
authorized husband to use her lands as his own:* 11 Ency.,
433; 42 S. C., 348.

June 28, 1907. The opinion of the Court was delivered
by

MR. CHIEF JUSTICE POPE. On the 23d of January, 1901,
C. B. Baker, one of the defendants herein, executed and de-
livered to E. L. Wilkins, the plaintiff, his bond for the penal
sum of twelve hundred and sixty dollars conditioned to pay
the amount of six hundred and thirty dollars one year after
date, with interest at eight per cent. To secure its payment,
Baker executed and delivered to plaintiff a mortgage on a
certain tract of land described in the mortgage, and con-
taining two hundred acres, more or less. There was a pro-
vision in the mortgage that should the matter be put into the
hands of an attorney and foreclosure had, ten per cent. of the
principal and interest should be collected as attorney's fee.
The condition of the bond and mortgage having been broken,
this action was brought against C. B. Baker and Mary A.
Baker, his wife, for foreclosure. Mary A. Baker resisted
the action on the ground that the title to the premises was at
the time of the mortgage and still is in herself. Plaintiff
contended that by releasing her dower and allowing her hus-
band to use the property as his own, she was estopped from
setting up title in herself. Mrs. Baker alleges, however,
that there was no valid dower release in that she was not

privately examined as to her willingness to make the release, and that the notary did not read the mortgage to her at the time she signed it. The matter came on for hearing at the September, 1906, term of Court of Common Pleas for Clarendon County, before his Honor, Judge D. E. Hydrick, upon an agreed statement of facts and testimony, and was tried by him without a jury. At the conclusion of the plaintiff's evidence he granted judgment against C. B. Baker by default for the principal, interest, and ten per cent. attorney's fee, and dismissed the action as to Mary A. Baker. From this dismissal the plaintiff appeals.

The question raised by the first exception is whether by renunciation of dower a wife is estopped from setting up title to herself in the property. Estoppel rests upon the principle that where a person by his or her act leads another to change his position, such person is not allowed to assert the existence of a different state of facts, and thus cause loss or injury to the person whom he has caused to act. In applying this principle to the question now under consideration we are met at once with the inquiry whether it can be held to apply to married women. This, however, does not cause difficulty, for in our State all of the common law disabilities of married women have been removed, and she is allowed to act and contract with regard to her property and rights the same as if she were unmarried. She, therefore, stands upon the same footing as other persons, and her acts must receive the same construction as is given to the acts of others. This being so, does she bar her claim to title in the property by a release of her dower? Legislative acts have created certain formalities which must be observed in order to make the renunciation valid, among other things requiring the wife to be privately questioned and examined as regards the property deeded or mortgaged. The grantee or mortgagee assumes, and very reasonably, that if she has any claim to the property she will make it at that time. And it is her duty so to do. If she does not and knowing all of the circumstances releases her dower and allows the mort-

gage or deed to be executed and delivered, she is ever there-
after estopped from asserting her title. The only conclusion
to be reached from such action on the part of the wife is that
there was some fraudulent intention or desire for self-
aggrandizement or advantage at the expense of the person to
whom the property is deeded or mortgaged, and a court of
equity will not aid her in carrying out such design. *Holland*
v. *Jones,* 48 S. C., 267, 26 S. E., 606; *Gaston* v. *Branden-
burg,* 42 S. C., 348, 20 S. E., 157; 16 .Cyc., 777.

It is contended, however, that there was no valid release
of dower because the notary did not read the mortgage to
Mary A. Baker, and did not examine her privately as to her
willingness to sign the release. It is true, there are cases in
this State which hold that where the wife is not privately
examined there is not such a release of dower as to bar her
claim of title. *Townsend* v. *Brown,* 16 S. C., 91; *McKen-
sie* v. *Sifford,* 52 S. C., 108, 20 S. E., 388. In this case the
evidence is vague and uncertain. The notary testified that
it was his general custom in taking such release to explain
fully the contents of the deed or mortgage, and to ask if the
person making the release did it willingly and without any
dread, fear or compulsion from anybody. The certificate
on its face is perfect and expressly states that Mrs. M. A.
Baker appeared, and upon being privately and separately
examined did declare that she freely, voluntarily, and with-
out any compulsion, dread or fear of any person or persons
whomsoever, did renounce, release and forever relinquish
her right of claim of dower in the property. This being the
case, we must presume that the law was complied with. As
was said by this Court, in *Campbell* v. *Springs Company,* 74
S. C., 284: "The certificate of the officer and the signature
of the dowress is conclusive as to the truth of the recitals
therein as to an innocent purchaser, relying upon the pre-
sumption that the officer has done his duty. * * * The
officer being charged by law with the duty of ascertaining
the facts recited, and he having certified thereto, as required
by statute, this should be held conclusive of the facts recited

in the absence of fraud or imposition brought home to the grantee, in analogy to the well settled rule that to annul a deed for fraud, it must appear that the grantee participated therein. To hold otherwise would unsettle title to lands in the hands of innocent purchasers to an alarming extent." The first exception of the plaintiff, therefore, must be sustained.

Unless, however, some change of position on the part of the plaintiff is shown, the doctrine of estoppel cannot apply. According to the agreed statement of facts, two items going to make up the six hundred and thirty dollars were for old debts. The remaining portion amounting to one hundred and fifty dollars was paid at the time of the mortgage, and this is sufficient to make the doctrine applicable.

The above conclusions decide the case and make it unnecessary to consider the conduct of Mary A. Baker in allowing her husband to use her property.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. JUSTICE GARY *concurs in the result.*