## 7845

### HOLDEN v. CANTRELL.

1. REAL PROPERTY—EVIDENCE—DECLARATIONS—HEARSAY.—A former owner and grantor may testify, on behalf of his subsequent grantee, as to the location of a house built by his grantor and of a fence and such evidence is neither a self-serving declaration nor hearsay.

2. EVIDENCE—COMPROMISE.—Where evidence of the declarations of an owner in possession are tendered and ruled out on ground that witness says he was trying to get the parties to compromise their differences when the statement was made, and such was not the fact, the remedy of the aggrieved party is to inform the Court that the statement is incorrect.

3. IBID.—WAIVER.—A DEPOSITION taken in another independent case is not admissible as the declaration of a deceased surveyor unless the declarations are proved by competent evidence. That appellant introduced the whole deposition after admission of part cannot he considered a waiver of his objection.

4. EXCEPTIONS to evidence not objected to below are not considered.

Before ALDRICH, J., Oconee, November term, 1909. Reversed.

Action by Alice M. Holden *et al.* against Levi R. Cantrell *et al.* Defendants appeal.

*Mr. J. R. Earle,* for appellants, cites: *Declarations of former owner are restricted to verbal acts:* 15 Ency. 875.

*Deposition not competent:* 13 Cyc. 1004; 2 McM. 254; 21 N. J. Eq. 484.

*Mr. E. L. Herndon,* contra, cites: *Declarations of former owner in possession accompanying acts are competent:* 3 McC. 261; 4 McC. 150; 16 S. C. 142; 27 S. C. 367; 36 S. C. 598; 48 S. C. 472; 79 S. C. 54; 102 U. S. 364; 1 Green. Ev. 109, 145. *Statements made during negotiations for a compromise are incompetent:* 56 S. C. 96; 10 S. C. 304; 36 S. C. 69; 57 S. C. 358. *Deposition was declaration of deceased chain carrier or surveyor:* 3 McC. 227, 259; 26 S. C. 256; 29 S. C. 296; 102 U. S. 364. *Declarations of former owner are competent in reply:* 16 S. C. 142; 27 S. C. 367; 48 S. C. 472.

March 31, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.  The plaintiff sued to recover damages for alleged trespasses upon real estate and recovered judgment against defendants for six dollars.

The controversy was as to the true location of the boundary line between the adjacent tracts of the parties.

The first exception assigns error in allowing the witness William Holden, one of the former owners and grantors of the land claimed by the plaintiffs, to testify as to who claimed the land and as to the lines and marks, because they were self-serving declarations and hearsay.  The record shows the following: "Do you know where the old Crow house was on that branch?  Yes, sir; I helped to haul the logs to build the house.  On whose land was that?  Where the house was?

."Objected to by Mr. Earle.

"Who claimed the land where the house was at time it was put there?

"Objected to by Mr. Earle.

"My father owned it.

"Court: Wait a minute.

"Mr. Earle: It has already been shown by the testimony, Mr. Wiggington, that this house was not on the disputed land, that it was not within the lines; that it was not within the lines claimed by the defendants here, and we think it is improper to go into the details of that.

"Mr. Herndon: It was inside of that fence, which makes it competent.

"Objection overruled."

It will thus be seen that the objection now urged was not made on the trial, and the rule is not to consider objections to testimony not brought to attention of the trial Court. The relevancy of the location and construction of the house and claims of ownership was made to appear by the fact that the house was located near and within the line of a fence built by the Holdens which extended near the dividing line as claimed by plaintiff and through a portion of the land in dispute. Moreover the declaration of an owner in possession, accompanying and explaining acts of ownership, do not fall within the rule of self-serving declarations and hearsay, but within the rule of *res gestae. Turpin* v. *Brannon,* 3 McC. 266; *Martin* v. *Simpson,* 4 McC. 262.

The second exception charges error in not allowing the witnesses J. H. Wiggington and J. T. Cantrell to testify as to statements made by J. S. Holden as to the location of the line while he was in possession of the land as owner, there being no dispute or contention between them and no compromise pending. The record shows that the witness Cantrell testified fully as to this matter without any objection being offered. The witness Wiggington had also testified as to the statements of Holden as to the location of the line without objection, until finally when questioned whether he did not ask Levi Cantrell then owner in the presence of Josiah Holden and others to allow the witness to go down and cut off a corner to keep Alexander from coming down on him, Holden, on the other end, the witness

answered that he didn't have anything to do with Alexander, that he tried to get them, Cantrell and Holden, to do this as a compromise. Then upon objection of plaintiffs' counsel, the Court ruled that statements made in an effort to compromise should not be brought out. The ruling is supported by *Robertson* v. *Blair & Co.,* 56 S. C. 104, 34 S. E. 11; *Norris* v. *Ins. Co.,* 57 S. C. 360, 35 S. E. 572, and other cases. If there was in fact no dispute between Cantrell and Holden and no effort to compromise at that time the Court should have been so informed, as his ruling was based upon the statement of the witness.

The third exception questions the admissibility of the deposition of L. W. Lusk which was taken in another case, *Holden* v. *Alexander,* in which defendants had no interest and were not parties. The objection that the deposition was taken in another independent case between different parties is fatal to the introduction of the paper as a deposition in this case.

The defendants were relying on a map of survey of the lands of estate of Moses Cantrell made by Gen. Irvine, June 30, 1880, to show the correct location of the boundary line. The respondents sought to impugn the correctness of this survey by the statements made by Lusk in another case. It was shown that both Irvine and Lusk were dead at the time of the trial and that Lusk was on the survey with Irvine. Respondents contend that the deposition was admissible as the declaration of deceased assistant surveyor or chain carrier as to the location of a disputed boundary, under the rule declared in *Speer* v. *Coate,* 3 McC. 227, and other subsequent cases along this line. This would be correct if proof of the declaration be made by competent testimony on the trial, giving the adverse party opportunity by cross-examination to test the correctness and reliability of the witness giving the testimony. But in this case there was no proof that Lusk had made any declarations, except as shown by the deposition papers in another case.

The fact that, after the Court allowed respondents' counsel to introduce so much of the deposition as he desired, the appellants' counsel then asked that the whole statement be put in evidence, should not be regarded as a waiver of his objection, as it was manifestly proper that appellants should have the benefit of the whole statement when a part of it had been allowed to go in over his objection. Nor can we say that the testimony was not prejudicial, for we cannot say that it had no effect in shaking confidence in the location made by Irvine, upon which appellants relied.

The fifth exception alleges error in allowing the witnesses Alice M. Holden and John Holden to testify as to what their grantor J. S. Holden said as to his title and the line and as to not recognizing the Irvine survey and as to the supposed disputes. This exception is very general and on examining the record we fail to find that there was any objection made to the testimony of these witnesses.

The fourth exception, which is to the refusal of defendants' motion for nonsuit, cannot be sustained. After carefully considering the testimony we cannot say that there was no testimony whatever to support the verdict. The motion for new trial was made on the same grounds made in the exceptions, which have been considered.

For the error declared in considering the third exception, the judgment of the Circuit Court is reversed and the case remanded for a new trial.