## 10073

### GORE ET AL. v. WHITEVILLE LUMBER CO.

(96 S. E. 683.)

1. TRESPASS—RIGHT OF ACTION—POSSESSION.—If a husband having legal title to realty left his wife in actual possession, or if after his absence she took possession of it through her father acting for her, such possession alone entitled her to maintain an action against a mere trespasser.

2. TRESPASS—QUARE CLAUSUM FREGIT—RIGHT OF ACTION—POSSESSION.— One alleging both title and possession in himself may maintain trespass quare clausum fregit upon proof of possession alone, unless defendant prove title in himself or a license from the true owner.

3. TRESPASS—POSSESSION—EVIDENCE.—One finding another in possession of land cannot by seizing or invading the possession put such other to prove his title, as in such case possession is prima facie evidence of title, and the one invading it must establish his title.

4. TRESPASS—POSSESSION—EVIDENCE.—In an action for trespass to realty by a father and a married daughter whose husband having legal title had long been absent, evidence held to show that they had such actual or constructive possession as to maintain the action.

5. ADVERSE POSSESSION—CONTINUITY OF POSSESSION.—The rule requiring a continuity of adverse possession does not mean that the possessor, his agent or tenant, must be actually on the land during the whole statutory period, but actual possession, once taken, will continue until disseisin or abandonment.

6. TRESPASS — POSSESSION — EVIDENCE. — In considering the question of possession, the character of the land is entitled to due consideration, as according to its nature the acts and facts constituting possession may vary.

7. HUSBAND AND WIFE—AGENCY—POSSESSION OF LAND—PRESUMPTION.— Where a husband having legal title to land is absent for 23 years, the wife has such equitable and contingent interest therein as, in the absence of his objection, raises a presumption of her agency enabling her to maintain actions necessary to protect it against trespass.

Before SPAIN, J., Horry, Spring term, 1917.   Reversed.

Action for trespass on realty by C. C. Gore and another against the Whiteville Lumber Company.   Judgment of nonsuit, and plaintiffs appeal.

*Messrs. Norton & Baker,* for appellants, cite: *As to title as a basis of trespass quare clausum fregit:* 104 S. C. 391. *As to possession as a basis of trespass:* 86 S. C. 358; 68 S. E. 637; 61 S. C. 292; 104 S. C. 460.   *As to possession by agent:* 59 S. C. 115; 37 S. E. 240.   *Wife's right of possession:* 13 R. C. L. 1179; H. & W. 206-209; 21 Cyc. 1235; H. & W. I. N., Ann Cas. 1913c, 875; 9 L. R. A. (N. S.) 485; 34 S. C. L. (3 Strobh.) 319 (144); 13 R. C. L., H. & W., sec. 213; 13 R. C. L. 1182, 1184 (Husband and Wife), sections 212, 213, and cases there cited; 21 Cyc. 1235 (H. & W. I. N. 3), and cases cited; 101 S. C. 304; 85 S. E. 721; 42 S. C. 427; 20 S. E. 278; 73 S. C. 119; 53 S. E. 88; 85 S. C. 189.   *Wife's separate property right:* 82 S. C. 559; 64 S. E. 753.

*Mr. H. H. Woodward,* for respondents, cites: *As to wife's right of possession:* 14 Cyc. 962; 13 S. C. 177.

August 22, 1918.

The opinion of the Court was delivered by Mr. JUSTICE HYDRICK.

This is an action for damages for trespass on real estate. Plaintiffs alleged ownership and possession of a tract of 100 acres, described in the complaint, and trespasses thereon by defendant, in April, 1914, and at divers times thereafter, by building and operating tramroads thereon and cutting and removing timber therefrom.   Defendant denied the allegations of the complaint, and alleged that, prior to June 18, 1914, it constructed some railroads over said tract and cut some timber thereon in the belief that it had the right to do so, and set up a claim of right to the easements and timber.   And, as a further defense, defendant alleged and

proved a written agreement, which was under seal and dated June 18, 1914, between C. C. Gore (acting for himself and his daughter, the other plaintiff) and defendant, wherein it was recited that, prior thereto, defendant had located certain railroads across said tract and cut some timber thereon, in the belief that it had the right to do so, which right had been denied by C. C. Gore (acting for himself and daughter), and, the rights of the parties being in dispute, neither admitting the claim of the other, and it being intended that the agreement should be without prejudice to the rights of either party, they agreed that C. C. Gore should and he did thereby convey to the company the easement claimed by it free of charge for one year from date, and the company agreed to cut no more timber (but it was given the right to remove what had already been cut), until the title thereto should be determined to the mutual satisfaction of the parties; and, if it should turn out that Gore had title to the timber, the company would pay for it, at the market value, but was to · pay nothing more.

The testimony showed that C. C. Gore, being the owner thereof in fee, conveyed the tract in question to D. A. Lewis by deed dated December 2, 1893; that Lewis was his son-in-law, the husband of his daughter, Laura Gore. Lewis, the other plaintiff; that he left her about 23 years ago, and has remained absent continuously ever since, though he has been heard from occasionally; that, after he left, his wife lived with her father, who took care of her and looked after her interests; that the land in question is wild or uncultivated land, and mostly swamp land. C. C. Gore testified that, at the time of the alleged trespass, the land was in the possession of his daughter, the plaintiff, Laura Gore Lewis; that, on hearing that the company was cutting near the lines, he went there, and, before they had cut any on this land, he forbade them doing so, and they afterwards cut the timber on the land; that, on learning that they had done so, he went there and posted notices thereon, forbidding any trespassing

thereon, either in cutting of any more timber, or in the removing of that what had been cut; that the manager of the company then sent for him, and he met him there, and they went around the lines together, and the manager asked him what he would compromise for; that, after some reflection, he told him, and the manager said, "All right, I will come to your house next Thursday;" that he came and brought the agreement above mentioned, which was executed; that, so far as he knew, Lewis had never been on the land, but that he and his son had been on it occasionally since Lewis left; that it lies in a different township from that in which he lives, and he seldom went on it and had never cut timber on it or used it for any purpose; that about two years before the trial (which was after the alleged trespass) he paid the back taxes due on the land to the sinking fund commission, and they gave him a receipt for the amount paid, but did not make him a deed to the land, and, about the same time, he returned it for taxation in his own name; that all he did was done in behalf of his daughter, to protect her interests.

The sole question is whether Mrs. Lewis had such interest in and possession, actual or constructive, of the land as will entitle her to maintain the action against one who, so far as appears from the evidence, is a bald trespasser. We think she had. The nonsuit was granted upon the sole ground that there was no evidence that Mrs. Lewis had possession of the land, or that Mr. Gore had possession thereof as her agent.

No objection has been made that the plaintiffs were improperly joined. But that is a matter of no consequence, since it could have been cured by amendment, striking out the name of C. C. Gore, as plaintiff, if the point had been made.

While the evidence shows the legal title to be in Lewis, there is no doubt that, if he had left Mrs. Lewis in actual

possession of the land, or if, after his departure, she took possession of it through her father, acting for her, such possession alone would entitle her to maintain an action against a mere trespasser. In *Investment Co. v. Lumber Co.*, 86 S. C. 358, 68 S. E. 637, 39 L. R. A. (N. S.) 243, it was held that a plaintiff who alleged both title and possession in himself may maintain an action of trespass *quare clausum fregit* upon proof of possession alone, unless defendant prove title in himself, or a license from the true owner. It was there said:

"One who finds another in possession of land cannot, by seizing the possession or invading it, put him whose possession he seized or invaded to proof of his title. In such a case, possession is *prima facie* evidence of title, and he who invades it must establish his title. If this were not so, a holder of land could be put to proof of title against the world by any one who might choose to trespass or squat upon his lands."

Nor is there any doubt that Mrs. Lewis could take possession of the land, her husband being absent and not objecting, through the agency of her father. He testified that all he did was done for her. Therefore his acts must be considered as her acts. If she had done in person what her father testified that he did for her, she would have made out a *prima facie* case of possession sufficient to sustain an action against a mere trespasser upon the land. In granting the nonsuit, the Court overlooked the principle above stated, as to possession by the agency of another, or, rather, the testimony of Mr. Gore that, in doing what he did, he was acting for his daughter, saying:

"If there is any testimony going to show that this lady, Mrs. Laura Gore Lewis, was in possession of that land, it escaped me. Mr. C. C. Gore never did testify that he was in possession of the property as the agent of Laura Gore Lewis."

But, as we have already pointed out, Mr. Gore did so testify.

In *Dickson v. Epps,* 104 S. C. 381, 89 S. E. 354, Mr. Justice Gage said:

"Possession is a broad question. It exists when those circumstances upon which it depends have been shown." And quoting from Holmes' Common Law: " 'The word "possession" denotes a group of facts. Hence, when we say of a man that he has possession, we affirm directly that all the facts of a certain group are true of him, and we convey directly or by implication that the law will give him the advantage of the situation.' "

In *Cathcart v. Matthews,* 105 S. C. 329, 341, 89 S. E. 1021, it was pointed out, as had been held before, that possession, actual or constructive, is sufficient to maintain an action of trespass *quare clausum fregit,* and further that, even in a claim of adverse possession, the rule requiring continuity of possession does not mean that the person in possession, his agent or tenant, must be actually on that land during the whole of the statutory period, but the actual possession, once taken, will continue, though the party taking such possession should not continue to rest with his foot upon the soil, until he be disseised, or do some act amounting to an abandonment of the possession. We may add that, in determining the question of possession, the character of the land is entitled to due consideration, for according to its nature the acts and facts which constitute possession may vary. Naturally they are different in the case of woodland, or swamp, or lands covered by water, from what they are when it is cultivated, or susceptible of actual use and occupancy.

In view which we have taken of the evidence as to the possession of Mrs. Lewis, it is perhaps unnecessary to decide

the question made by appellant as to the wife's presumptive right of possession of her absent husband's lands.

7      We may say, however, without going into details as to the extent or the limitations of the rights of the wife over the property of an absent husband, that, in the case of an absence for so great a length of time and under the circumstances appearing in this case, the wife has such equitable and contingent interests in her absent husband's lands as will, in the absence of any objection or dissent on his part, raise such presumption of her agency as will enable her to maintain such actions as may be necessary or proper to protect it against the invasions of trespassers.  In the circumstances and for the purposes stated, his possession (and the law presumes possession in him from the fact that he has the legal title, *Cathcart v. Matthews, supra*) is her possession.  *Meyer v. Frenkil,* 116 Md. 411, 82 Atl. 208, Ann. Cas. 1913c, 875, and notes.

Judgment reversed.