BATTLE v. DeVANE *ET AL.*

(138 S. E., 821)

1. Injunction—Plaintiff in Action to Enjoin Trespass Held Not to Have Shown Good Paper Title to Land Involved.—In action to enjoin trespass on land involving title thereto, plaintiff *held* not to have shown good paper title.

2. Evidence—Evidence of Mortgage, Containing Admissions Against Defendants, Executed by One Under Whom Defendants Claimed, Held Admissible.—In action involving title to land, evidence of mortgage, containing admission adverse to defendants and executed by one under whom defendants claim while presumptively in possession, *held* admissible under rule that declarations of owner either for or against his title while in possession under a title are admissible.

3. Injunction—Instruction Requiring Proof of Title to Land as Prerequisite to Recovery Was Erroneous, Though Plaintiff Alleged Both Title and Possession.—In action to enjoin trespass on land, where plaintiff pleaded that he was owner in fee simple and in possession of the land, instruction placing on him burden of proving title in addition to possession of the land in question was erroneous.

4. Trespass—Allegations That Plaintiff Is Owner and in Possession Are Proper in Action of Trespass Quare Clausum Fregit.— In action of trespass *quare clausum fregit,* allegations that plaintiff is owner in fee simple and in possession of land involved are entirely proper.

5. Appeal and Error—Instruction That Plaintiff Might Prove Title by Showing Possession for Time Raising Presumption of Grant "And" Adverse Possession for Time, Giving Title Under

NOTE: As to necessity and character of title or possession of plaintiff to sustain action for trespass *quare clausum fregit,* see annotation in 30 L. R. A. (N. S.), 243; 26 R. C. L., 956; 6 R. C. L., Supp., 1576.

Statute, Held Not Prejudicially Erroneous in Use of Word "And."—In action to enjoin trespass on land, instruction that plaintiff might prove title in himself "by proving possession in himself and those under whom he claims for a time sufficient to raise the presumption of a grant *and* open, notorious, adverse and exclusive possession for 10 years or longer, which would give him * * * title under the statute," *held* not prejudicially erroneous in use of word "and" instead of "or."

6. Injunction—Instruction That if Plaintiff Established Possession for Long Enough to Give Title He Could Recover "Land in Actual Possession" Held Erroneous as Excluding Land Held Under Color of Title (Code Civ. Proc., § 322, Subdivision 3).—In action to enjoin trespass on land, where there was evidence tending to show that deeds under which plaintiff claimed covered the land in dispute and that it had been used for the purposes indicated in Code Civ. Proc., § 322, Subdivision 3, instruction that even if plaintiff and those under whom he claimed had had possession for long enough to give them title plaintiff could only recover land "in actual possession" *held* erroneous as excluding plaintiff's right to show possession under color of title.

7. Trial—Court in Instructions May Make Hypothetical Statements of Fact Without Suggesting to Jury His Impressions.— Court always has power in instructions to make hypothetical statements of fact without suggesting to jury his impressions.

8. Adverse Possession—Instruction Requiring Plaintiff to Show That He "Or Some One Person" Under Whom He Claimed Had Had Adverse Possession for Required Time Held Erroneous.—In action involving title to land, instruction that plaintiff to recover must "prove by the greater weight of the evidence that he or some one person under whom he claims has had open, notorious, adverse and exclusive possession of the lands in dispute for at least 10 years, etc.," *held* erroneous in use of the words "or some one person."

9. Judgment—Judgment Enjoining Purchaser From Cutting Timber Purchased From Plaintiff Held Inadmissible in Action to Enjoin Trespass on Land, Absent Showing Plaintiff Was Party to Prior Suit—Where plaintiff in action to enjoin trespass on land involving title thereto had previously conveyed timber on such land by deed warranting title only against himself and his heirs, and had participated as a witness in suit by defendant (in the present action) against purchaser of timber to enjoin it from cutting timber on land in question, *held* judgment against purchaser, plaintiff's grantee, in such former suit, was not admissible in later action, there being no showing that plaintiff in present action was party to such prior suit.

10. The decision in *Lucius v. DuBose,* 114 S. C., 375; 103 S. E., 759, disapproved.

Before MANN, J., Horry, April, 1925.

Action by M. J. Battle against J. M. DeVane and others. Judgment for defendants, and plaintiff appeals.

*Messrs. Lide & McCandlish,* for appellant, cite: *Renunciation of dower by married woman passes her interest in land:* 77 S. C., 224. *Possession is prima facie evidence of title and he who invades must establish his title:* 86 S. C., 358; 134 S. E., 497; 136 S. E., 13. *Proof of title:* Sec. 322, Vol. 1, Code, 1922; 96 S. E., 683. *Possession may be tacked in order to make out the twenty-year period to create the presumption of grant:* 59 S. C., 440; 86 S. C., 285. *"Privity":* 23 Cyc., 1253; 295 Fed., 259; 18 S. C., 602; 50 Barb., 397. *When principle of res adjudicata may be invoked against one not a party to the action in which judgment was obtained:* 125 S. E., 420.

*Messrs. Robt. B. Scarborough, Cordie Page,* and *Ford & Suggs,* for respondent, cite: ·*When title put in issue as to both parties:* 114 S. C., 375; 86 S. C., 358; 134 S. E., 497.

July 6, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action to enjoin the defendants from trespassing upon a certain described tract of land in Horry County, containing 75 acres, more or less.

It appears that the defendant B. L. Soles claims title to the land in dispute; that the defendant J. M. DeVane is a grantee from Soles of the timber rights upon the land; and that. the defendant Z. G. Hall is an employee or agent of the defendant DeVane in his timber operations.

The complaint alleges that the plaintiff is the owner in fee simple and in possession of the tract of land, and that the defendants DeVane and Hall are about to enter upon it for the purpose of cutting and removing the timber therefrom,

and that the defendant Soles, who claims the title, is aiding and abetting his codefendants in such trespasses.

The defendants DeVane and Hall answered the complaint denying the material allegations thereof, alleging a conveyance of the timber rights from Soles to DeVane, and setting up a plea of *res adjudicata* by reason of the fact that heretofore the defendant Soles brought an action against a lumber company to enjoin it from cutting and removing the timber on the land, which it claimed the right to remove under a deed from the plaintiff Battle and his coheirs; that he participated in the trial of that case although not a formal party and is bound by the verdict and judgment rendered therein in favor of Soles.

The defendant Soles answered the complaint alleging title to the land under a deed from M. D. Soles, subject to the timber conveyance to DeVane, and claiming adverse possession for 10 and 20 years.

The case was tried before his Honor, Judge Mann, and a jury, April, 1925, and resulted in a verdict for the defendants. The plaintiff has appealed.

The land in question is a small tract containing 65.9 acres, lying north of Cedar Creek in Horry County. It is a part of a 500-acre tract granted to one Drury Pittman by the State on April 2, 1798. He conveyed the whole of it to Henry Elliott, November 11, 1808. Henry Elliott conveyed 400 acres of the 500-acre tract to John Wise August 7, 1816.

The plaintiff and the defendant B. L. Soles, each claiming title to the 65.9 acres in controversy, trace their respective title through the conveyances just described back to the common source, Drury Pittman.

From the point of the conveyance from Henry Elliott to John Wise, August 7, 1816, the respective chains of title diverge.

The plaintiff traces his title from John Wise in this way: (1) The will of John Wise devising the tract to his daughter,

Nancy Strickland. This will is dated March 25, 1853, but was never probated, having been found in the possession of one McDaniel, a grandson of John Wise. (2) The devolution of the title from Nancy Strickland to her daughter and only child, Joanna, who was the wife of one E. J. M. Todd. (3) Conveyance by E. J. M. Todd, upon which Joanna Todd. renounced her dower, to Luke Floyd, Jr., September 27, 1884. (4) Conveyance by Luke Floyd, Jr., to James Battle, father of the plaintiff, March 1, 1899. (5) Conveyance by Judge of Probate to J. R. Battle, M. J. Battle, and F. L. Battle, heirs at law of James. Battle, in the settlement of his estate, November 30, 1917. (6) Conveyance by J. R. Battle and F. L. Battle to the plaintiff, M. J. Battle, January 28, 1918.

The defendant Soles traces his title from John Wise, in this way: (1) Conveyance by John Wise to James. Wise December 20, 1850. (2) Conveyance by James Wise to Nancy Strickland January 4, 1868. (3) Conveyance by Nancy Strickland to John Grainger and W. J. Sarvis January 22, 1868. (4) Conveyance by John Grainger (half interest) to Nancy Strickland December 28, 1868. (5) Conveyance by Nancy Strickland to Mary Soles July 24, 1869. (6) Conveyance by W. J. Sarvis to Nancy Strickland (half interest) December 10, 1869. (7) Conveyance by Sheriff to W. W. Sellers November 9, 1871. (Sale under execution against James Wise, May 2, 1870.) (8) Conveyance by W. W. Sellers to Nancy Strickland December 6, 1872. (9) Conveyance by Nancy Strickland to M. D. Soles May 3, 1922. (10) Conveyance by M. D. Soles to B. L. Soles October 5, 1922.

(*Note.*—It does not appear how the property which had been conveyed by James Wise to Nancy Strickland in 1868 could be sold under an execution against James Wise in 1870, or what became of the half interest conveyed by Nancy Strickland to Mary Soles July 24, 1869. It may be that the execution against James Wise was issued upon a judgment

existing at the time he conveyed to Nancy Strickland. If so the intermediate conveyances numbered 3, 4, and 5 may be disregarded.)

It appears that on the south side of Cedar Creek there lies a body of land covered by grants to Richard Lewis of about 1,000 acres, in 1796. Upon a part of it James Wise built his home and lived. The contention of the plaintiff is that the deeds upon which the defendant, Soles, relies to establish his title cover this land and not the land on the north side covered by the Drury Pittman grant. The controversy then is as to the location of the land, and whether covered by the defendant's chain of title or that of the plaintiff. Upon this issue much testimony and many plats were introduced. Testimony also was offered by each party tending to establish his possession of the disputed area. With these issues, of course, we have nothing to do.

I. The appellant contends that his Honor, the presiding Judge, committed error in holding that the plaintiff had failed to make proof of a good paper title.

In view of the patent break in the plaintiff's chain of title in the devolution from John Wise to Nancy Strickland, a link which he attempted to establish by the production of the will of John Wise, we think that there was no error in the Judge's ruling. The will was never probated, and it is not contended by counsel for the plaintiff that an unprobated will can constitute a proper link in the chain. He says: "The will was never probated, and for this reason the Court held that it could only be introduced as color of title and to show the extent of the plaintiff's claim. This ruling was not excepted to." Counsel appears to have been content with this ruling, which admitted the will in support of his claim to adverse possession.

It is suggested by counsel for the plaintiff that if the will should be entirely excluded, Nancy Strickland would take the land by inheritance. It appears that John Wise had

three daughters, Alice, Nancy, and Margaret, and left a widow, Nancy. Margaret married McDaniel; Nancy married Strickland; there is no record of Alice. So that if John Wise died intestate the property would have descended to these heirs at law. Besides the will gives a life estate to the widow and the fee as joint tenants to the three daughters.

There is another break in the plaintiff's chain, in the devolution from Nancy Strickland to her daughter, Joanna, who married Todd. It does not appear that Joanna was the only child of Nancy Strickland or that her husband was not alive at her death. The claim that Joanna inherited from her mother has not been established. There is still another break in the plaintiff's chain—the devolution from Joanna Todd to Luke Floyd, Jr. The plaintiff relies upon a conveyance from E. J. M. Todd, the husband of Joanna, to Luke Floyd, Jr., upon which conveyance Joanna renounced her dower. We do not understand that the case of *Wilkins v. Baker*, 77 S. C., 244; 57 S. E., 851, cited by appellant's counsel, holds that the renunciation of dower by a married woman, upon a conveyance by her husband of land which belonged to her, conveys the legal title of the wife to a grantee of the husband. As far as it goes is to hold that under certain circumstances the wife may be estopped from asserting her title, which of course presupposes that the title is still in her.

The ruling of his Honor, the presiding Judge, specifically reserved to the plaintiff the right to establish adverse possession.

II. The appellant further contends that his Honor, the presiding Judge, committed error in excluding evidence of the mortgage from James Wise to W. W. Sellers.

The defendant Soles claims under the deed executed by James Wise to Nancy Strickland dated January 4, 1868. Although the deed from John Wise to James Wise conveys land covered by the Lewis and the Drury Pittman grants,

the deed from James Wise to Nancy Strickland refers only to the Lewis grant; it conveys:

"All that plantation or tract of land containing 370 acres, more or less, being part of two surveys granted to Richard Lewis, Sen.: one the 1796, February the 9th, the other the 17th day of January, 1815."

The defendant contends that this deed from James Wise to Nancy Strickland conveys also the land in the deed from John Wise to James Wise covered by the Drury Pittman grant, as well as that covered by the Lewis grant. The defendant concedes that James Wise had title to the land in dispute covered by the Pittman grant; in fact it is a link in his chain. If the deed to James Wise conveyed the land in dispute covered by the Pittman grant, it will be presumed that he continued in possession until the contrary appears.

In order to sustain his contention that the deed from James Wise to Nancy Strickland did not cover the land in dispute, a part of the Pittman grant, the plaintiff offered in evidence a mortgage executed by James Wise to W. W. Sellers, dated December 6, 1872, four years after the date of James Wise's deed to Nancy Strickland, covering the land in dispute, and describing it as a part of the Pittman grant and bounded by "lands conveyed by me to Nancy Strickland." The evidence was excluded.

Considering the mortgage as a declaration of James Wise, then presumptively in posesssion of the mortgaged premises from the fact of his title not shown to have passed out of him, we think that the exclusion of the evidence offered was error, upon the ground that the declarations of the owner, either for or against his title, while in possession under a title are admissible. This presumption of course is open to rebuttal and presented an issue for the jury. If it should be shown that James Wise was not in possession and had surrendered the land to Nancy Strickland as covered by his deed to her, the presumption would fade.

In *Holden v. Cantrell*, 100 S. C., 265; 84 S. E., 826, the Court says:

"There was no error in admitting evidence of the declarations of former owners of plaintiff's land, made while they were in possession thereof, * * * and tending to show the character and extent of their possession"—citing *Turpin v. Brannon,* 3 McCord, 261. *Martin v. Simpson,* 4 McCord, 262. *Leger v. Doyle,* 11 Rich., 109; 70 Am. Dec., 240. *Ellen v. Ellen,* 16 S. C., 132. *Levi v. Gardner,* 53 S. C., 24; 30 S. E., 617. *Holden v. Cantrell,* 88 S. C., 283; 70 S. E., 815.

"The claim under which property is being held by a declarant, or the character of his possession, may be shown by declarations indicative of a relevant animus whether favorable or unfavorable to the declarant." 22 C. J., 270.

"The declaration may. either be oral or in 'writing." 22 C. J., 276. *Harral v. Wright,* 57 Ga., 484. *Benbow v. Horvin,* 92 S. C., 180; 75 S. E., 414.

"The declaration of a person made while in the possession of real estate that she claimed under her father's will is competent as against one claiming under a deed from her." *Steadman v. Steadman,* 143 N. C., 345; 55 S. E., 784.

"Declarations of sole ownership by a tenant in common * * * are admissible to show his intent to hold adversely to those not in possession, though not made in their presence." *Casey v. Casey,* 107 Iowa, 192; 77 N. W., 844; 70 Am. St. Rep., 190.

"A party in possession of land may make declaration explanatory of his possession, and either claim or disclaim ownership of the property, and such declarations may be given in evidence, in an issue of disputed ownership, no matter who may be parties to the suit. Possession being the principal fact, such declarations are admissible as part of the *res gestæ* of the possession itself, and are admissible when made by a party while on the land, or in possession thereof, whether actually on the land or not at the time of making same." *Owen v. Moxom,* 167 Ala., 615; 52 So., 527.

"Whatever may be the ground upon which such evidence is declared to be admissible, it is now a well nigh universal rule that it is admissible as a part of the *res gestæ* as to the character of such possession." *Chan v. Slater,* 33 Mont., 155; 82 P., 657.

It appears that the plaintiff by his evidence (particularly that of C. P. Roberts) has raised the issue of the deed from John Wise to James Wise conveying any part of the land covered by the Pittman grant. If that be true, the mortgage of James Wise to W. W. Sellers, describing the mortgaged premises in practically the precise terms of the deed from John Wise to James Wise, would be of little value as evidence.

III. The appellant further contends that the Court erred in his charge as to the burden of proof, in that: (a) He charged that the plaintiff must show that he was both the owner and in possession of the land in question; (b) that he must prove a perfect title; and (c) that he assumed the burden of proving title because he alleged title and possession when there was no necessity for him to allege anything but possession.

It is true that the complaint alleged that the plaintiff was the owner in fee simple and in possession of the land in question. These allegations were entirely proper in an action of trespass *quare clausum fregit*. This point is well settled by the case of *Investment Co. v. Lumber Co.,* 186 S. C., 358; 68 S. E., 637; 30 L. R. A. (N. S.), 243, in which the opinion was delivered by Mr. Justice Woods. He says:

"The important question is thus raised whether a plaintiff, alleging both title and possession, is entitled to recover damages upon proof of his possession, and the invasion of it by the defendant without proving also that he had a perfect title. The question must be answered in the affirmative. One person who finds another in possession of land cannot, by seizing the possession or invading it, put him whose

possession he seized or invaded to proof of his title. In such a case possession is *prima facie* evidence of title, and he who invades it must establish his title. If this were not so a holder of land could be put to proof of title against the world by any who might choose to trespass or squat upon his lands. This conclusion is well supported by authority. When the plaintiff alleges an invasion of his possession this gives character to the action as one in the nature of the old action of trespass *quare clausum fregit*."

This case has been followed consistently in the following cases: *Nicholson v. Villepegue,* 91 S. C., 231; 74 S. E., 506. *Pierce v. Lumber Co.,* 103 S. C., 261; 88 S. E., 135. *Dial v. Gardner,* 104 S. C., 456; 89 S. E., 396. *Cathcart v. Matthews,* 105 S. C., 331; 89 S. E., 1021. *Gore v. Lumber Co.,* 110 S. C., 474; 96 S. E., 683. *Robinson v. R. Co.,* 117 S. C., 537; 109 S. E., 143. *Powers v. Rawls,* 119 S. C., 134; 112 S. E., 78. And in the case of *Williamson Co. v. Mullins Co.* (C. C. A.), 249 F., 522, in which the opinion was rendered by United States Circuit Judge Woods, who, as Associate Justice of this Court, rendered the opinion in case quoted from above, *Investment Co. v. Lumber Co.,* 86 S. C., 358; 68 S. E., 637. See extended note to this case in 30 L. R. A. (N. S.), 343.

The case of *Port Royal v. R. Co.,* 136 S. C., 525; 134 S. E., 497, is not applicable for the reason that that was not an action of trespass *quare clausum fregit,* but an action depending solely upon the establishment of the plaintiff's title. The distinction is thus clearly drawn by Chief Justice McIver in the case of *Connor v. Johnson,* 59 S. C., 115; 37 S. E., 240:

"It must be kept in mind that this is an action of trespass *quare clausum fregit,* and not an action of trespass to try titles; and that there is this fundamental difference between these two actions, viz.: that in the former the object being to recover damages for trespass upon the possession of the land, it is not necessary for the plaintiff to show title him-

self, but possession merely; while in the latter, the plaintiff, in order to recover, must show title in himself, and must recover upon the strength of his own title and not upon the weakness of his adversary's title. Accordingly, in an action of trespass *quare clausum fregit,* when the plaintiff proves that he is in possession of a given tract of land and that defendant has trespassed upon it, he is entitled to recover, unless the defendant shows that he has title to the land himself—not that the title is in some third person, as would be sufficient to protect him if the action were an action of trespass to try titles, or that he entered upon the land and did the acts complained of as trespasses, by the permission or under a license from the true owner of the land."

The case of *Lucius v. DuBose,* 114 S. C., 375; 103 S. E., 759, is squarely in conflict with that of *Investment Co. v. Lumber Co.,* 86 S. C., 358; 68 S. E., 637; 30 L. R. A. (N. S.), 243, and is disapproved, for the reason that the former, reaffirmed so consistently and often, properly declares the law.

In an action of trespass q. c. f. the plaintiff may recover either upon his possession or upon his title. *Rhodes v. Bunch,* 3 McCord, 66. *Davis v. Clancy,* 3 McCord, 422. *Vance v. Beatty,* 4 Rich., 104. If he should allege both title and possession, and the invasion of his possession, the form of the action is not changed, and the fact of the double allegation does not prevent his recovery upon either. The defendant may, whether the plaintiff alleges title or not, set up title in himself or license from the true owner, which, if established, will amount to an adjudication that he, and not the plaintiff, is entitled to the possession, thus defeating the plaintiff's case. Upon this issue the defendant assumes the burden of proof. There was evidence on behalf of the plaintiff that he was in possession of the land, and there was evidence to the contrary in favor of the defendant's possession. This raised an issue for the jury. It is manifest that the charge that the plaintiff could only recover upon proof of

his title, either by papers or by adverse possession, was prejudicial to the rights of the plaintiff.

IV. The appellant further contends that the Court erred in his charge as to adverse possession, in that:

(a) He charged that the plaintiff must prove possession in himself and those under whom he claims for a time sufficient to raise the presumption of a grant and adverse possession for ten years or longer; (b) that plaintiff could only recover so much of the land as was inclosed by a substantial inclosure or usually cultivated or improved; (c) that he charged on the facts by indicating that M. D. Soles, under whom defendants claim, lived on a tract of land which embraced the land in dispute, which is denied by the record evidence; and (d) he charged that plaintiff in order to recover must show adverse possession for at least ten years either in himself or in some one person under whom he claimed.

The charge complained of was as follows:

"Now, there are two methods of proving title about which I charge you as applicable to this case; namely, a plaintiff may introduce a grant from the state and connect himself with it by proper deeds of conveyance; or, second, by proving possession in himself and those under whom he claims for a time sufficient to raise the presumption of a grant and an open, notorious, adverse and exclusive possession for ten years or longer, which would give him what we call in law, title under the statute."

The criticism is that it imposed upon the plaintiff the obligation of establishing, not only that he, and those under whom he claimed, were in possession for sufficient time to raise the presumption of a grant, but, in addition thereto, adverse possession under the statute for ten years or longer.

Taking the charge as a whole, we think that the Circuit Judge sufficiently presented to the jury the three methods by which the plaintiff may have acquired title: (1) By grant from the state and proper connection by succeeding

deeds of conveyance; (2) by 20 years' possession presuming a grant; (3) by adverse possession for 10 years under the statute. The use of the copulative "and" instead of the disjunctive "or" in the charge appears to have been an inadvertence which hardly could have impressed the jury that 30 years' possession was essential. A slip of this kind might very well have been called to the attention of the Circuit Judge at the time if apprehension of its prejudice had existed.

Objection is made by the appellant to the following charge:

"That if you find from the greater weight of the testimony that notwithstanding the alleged possession of the plaintiff, the defendants herein have good paper title from the state of South Carolina, and that plaintiff has not paper title, then I charge you that if defendant, M. D. Soles, for instance, has title to a tract of land which embraces the land in dispute and lives thereon, then his possession extends to the outer boundary, and the plaintiff, even if you find that he and those under whom he claims have had possession long enough to give them title, can, under the law, recover only the land in actual possession. That is, such as has been inclosed by a substantial inclosure. (The Court: I add, 'or usually cultivated or improved.')"

We think that this charge was erroneous, as excluding the plaintiff's right to show his possession under color of title. There was evidence tending to show that the deeds under which the plaintiff claimed covered the land in dispute, and that it had been used for the purposes indicated in Subdivision 3 of Section 322 of the Code. The plaintiff under this theory, if established, should not have been limited to the land actually occupied, the *pedis possessio*.

We do not think that the portion of the charge suggested as being a charge upon the facts, is amenable to the criticism urged. It was a hypothetical statement of facts, which the Circuit Judge has always had the

power to make, without suggesting to the jury his impressions.

We think the Court also committed error as to the law of adverse possession, in his charge to the jury, where he says:

"And so I charge you that under the rulings which I have made, before the plaintiff can recover in this case, he will have to prove by the greater weight of the evidence that he or some one person under whom he claims has had the open, notorious, adverse and exclusive possession of the lands in dispute for at least 10 years, claiming the same in fee exclusive of any other right and against all the world."

This was a plain statement to the jury that before the plaintiff can recover he will have to prove that he or some one person under whom he claims has had adverse possession for at least 10 years. If the plaintiff and those under whom he claims, together, held adverse possession for 20 years or more, title was made out, although no one of them might have had such possession for as much as 10 years. It is settled beyond dispute that possessions may be tacked in order to make out the 20-year period to create the presumption of a grant, although of course there can be no tacking to make out the 10-year period. *Sutton v. Clark,* 59 S. C., 440; 38 S. E., 150; 82 Am. St. Rep., 848. *Lewis v. Pope,* 86 S. C., 285; 68 S. E., 680. In the *Lewis case* the Supreme Court held that the Circuit Judge committed no error in refusing to charge a part of one of the requests of plaintiff because the request was so drawn as to deprive the defendants of the right to rely upon the presumption of a grant unless they first showed that they had acquired title to the land by adverse possession for the statutory period of 10 years. In the case at bar the charge of the presiding Judge definitely deprived the plaintiff of the right to rely upon the presumption of a grant unless he also showed that he had acquired title to the land by adverse possession for the statutory period of 10 years.

V. The appellant further contended that the Court erred in the admission of the judgment in the case of *McDuffie Soles v. Montgomery Lumber Co.,* and in his charge as to the effect of this judgment, in that the plaintiff was not a party or privy to that suit and was under no obligation in relation thereto.

On September 14, 1917, the plaintiff, M. J. Battle, and his brother and sister, being then the owners of the 240-acre tract covering the land in question, and also being then the owners of several other tracts, conveyed the timber on all of these tracts to Montgomery Lumber Company for a period of five years. This deed only warrants the title against the grantors and their heirs. Some time after the execution of this deed, M. D. Soles, the grantor of the defendants, brought a suit against Montgomery Lumber Company to enjoin it from cutting the timber on the land in question. This suit was tried at the October, 1921, term, and a verdict in favor of Soles resulted, and there was no appeal. It is, of course, admitted that Mr. Battle was not a party to this suit.

The defendants offered in evidence the judgment roll in this case and evidence tending to show that the plaintiff took an active part in the trial of the case, appeared as a witness in order to protect his warranty. (As a matter of fact he had not executed a general warranty.) When the record was offered in evidence the Court ruled "the Court will have to hold that the record may not come in for the purpose of establishing *res adjudicata,*" but admitted it in evidence "for what it is worth in order to establish a chain of title." In his charge to the jury, his Honor said, "I charge you that the judgment of the Court in the case of M. D. Soles v. Montgomery Lumber Company is not a bar to the plaintiff's alleged cause of action, because the record shows that M. J. Battle, the plaintiff in this case, was not a party in the former suit, and that the timber deed executed to Montgomery Lumber Company, defendant in the former suit, by M. J. Battle and his co-grantors, contained no covenant of war-

ranty as to title except against themselves and their heirs, and the said M. J. Battle was therefore under no obligation to defend the said suit, and is not bound by the result thereof," and later remarked:

"The Court holds that whatever has been the former adjudication of the rights of M. J. Battle in the particular land involved in this action, it is not an adjudication as to this action, but that you may consider that record for what you consider it worth in assisting you in determining whether or not the said M. J. Battle was acting as he should have done at the time that action was had in protecting his alleged title, and for that reason only."

The record was admissible to support the claim of *res adjudicata,* or not at all. We shall not consider its admissibility for that purpose, for the reason that the Circuit Judge refused to admit it for that purpose. It should have been admitted to sustain the claim or excluded entirely. We cannot see that it was at all connected with the defendant's chain of title, or that any contention was made that the plaintiff's conduct in appearing as a witness had any effect upon his obligations other than as being bound by the adjudication.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE WHITING concur.